**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL GIEHL AND JANET GIEHL, husband and wife, | CIVIL ACTION NO. 3:CV-12-0083 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| TEREX UTILITIES and TEREX TELELECT, INC., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Plaintiffs' Motion to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15(c). (Doc. 22.) Plaintiffs seek to amend the Complaint and caption to change "Terex Utilities" to "Terex Utilities, Inc" and "Terex Telelect, Inc." to "Terex South Dakota, Inc." Defendants contend that since the action was timely commenced by way of a Praecipe for Writ of Summons in state court, but the Complaint was not filed until after the expiration of the applicable statute of limitations, the proposed amendments are futile because they relate back only to the filing date of the Complaint. I disagree. Because the proposed amendments to the Complaint relate back to the original state court filing, Plaintiffs' motion will be granted.

## **I. Background**

The instant action relates to injuries suffered by Michael Giehl on July 2, 2009 while climbing a tree in an attempt to assist a co-worker. Specifically, while his co-worker was in a bucket truck trimming branches above power lines, the truck's boom arm unexpectedly failed. As a result, the co-worker was stranded above the power lines. Mr. Giehl then donned his climbing gear and proceeded to climb an adjacent tree to assist the co-worker. As he ascended the tree, however, he slipped and fell. Mr. Giehl suffered severe injuries as a result of the fall.

Based on these events, Plaintiffs initiated the present action against Terex Utilities and Terex Telelect, Inc. by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Wayne County, Pennsylvania on June 29, 2011. (Doc. 1, Ex. A.) Plaintiffs then filed their Complaint on or about December 16, 2011 seeking to recover damages for injuries caused by Mr. Giehl's fall on July 2, 2009. (Doc. 1, Ex. B.)

Defendants subsequently removed the action to this Court on January 12, 2012. (Doc. 1.) Defendants then moved to dismiss the Complaint. The motion was granted in part and denied in part on April 9, 2012. (Doc. 15.)

On November 15, 2012, Defendants delivered their Rule 26 disclosures to Plaintiffs. (Doc. 22, ¶ 7.) In the disclosures, Defendants indicated that "Terex Utilities" should have been named "Terex Utilities, Inc.," and "Terex Telelect, Inc." should have been identified as "Terex South Dakota, Inc." in the Complaint. (*Id*.)

Plaintiffs thereafter filed the instant motion to amend the Complaint to correct the misnamed Defendants. Defendants oppose the motion on the basis that the proposed amendments are futile. That is, since neither Pennsylvania nor federal law recognizes a writ of summons as a pleading, the proposed amendments would relate back only to December 16, 2011, the filing date of the Complaint. And, because the filing date of the Complaint was beyond the applicable statute of limitations period, Defendants assert that Plaintiffs are barred from amending the Complaint.

**II. Discussion**

Plaintiffs' motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(c)(1) states:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

In opposing the motion, Defendants do not contest Plaintiffs' claim that they can satisfy either Rule 15(c)(1)(B) or (C). Instead, Defendants argue that a Rule 15(c) analysis is unnecessary in this case "because neither Pennsylvania nor federal law recognizes a writ of summons as a pleading, Plaintiffs' proposed amendments can relate back only to the filing of their Complaint which was well beyond the applicable two-year statute of limitations." (Doc. 24, 6.) Thus, Defendants contend that the motion should be denied.

As support, Defendants cite *Peters v. Air Prods. & Chems., Inc.*, No. 05-2038, 2006 WL 860097 (E.D. Pa. Mar. 31, 2006). In *Peters*, the plaintiff commenced the action against Air Products and Chemicals, Inc. ("APCI") by filing a praecipe for writ of summons in the Court of Common Pleas of Lehigh County, Pennsylvania on November 19, 2004. *See id*. at *1. The statute of limitations expired ten days later, on or about November 29, 2004. *See id*. at *3. The plaintiff then filed the complaint on March 29, 2005. *See id*. at *1. Subsequently, the defendant removed the action to the United States District Court for the Eastern District of Pennsylvania. *See id*. Eventually, the plaintiff filed a second amended complaint seeking to add Ashland-ACT ("Ashland") as a defendant. *See id*. at *2-3. The defendants moved to dismiss the second amended complaint. *See id*.

In dismissing the federal question claim against Ashland, the district court first

3

determined that "the timely commencement of the action against defendant APCI [did] not toll the statute of limitations for commencement of plaintiff's action against defendant Ashland." *Id*. at *5. The action, therefore, was not commenced as against Ashland until it was named as a defendant in the second amended complaint. *See id*. Additionally, the district court found that since a writ of summons is not a pleading under either federal or Pennsylvania procedural law, "even if plaintiff could relate the Second Amended Complaint back to the filing date of the original Complaint pursuant to Fed. R. Civ. P. 15(c), the filing date of the original Complaint is beyond the statute of limitations." *Id*. at *4-5. Thus, as the plaintiff failed to cite any authority for the proposition that he could "bootstrap" the filing date of the writ of summons to the addition of Ashland as a defendant in the second amended complaint, "an analysis of whether the addition of defendant Ashland as a party in the Second Amended Complaint relates back to the filing date of the original Complaint is futile." *Id*. at *5. Accordingly, the federal question claim against Ashland was dismissed. *See id*. at *6-7.

Plaintiffs' motion to amend the Complaint will be granted. Notwithstanding the authority cited by Defendants, I find, consistent with Judge Surrick's decision in *Lempa v. Rohm & Hass Co.*, No. 05-985, 2007 WL 878496 (E.D. Pa. Mar. 20, 2007), that Plaintiffs' proposed amendments relate back to the date of the original state court filing. In *Lempa*, the plaintiff claimed that he was constructively discharged in March 2003. *See id*. at *1. The plaintiff subsequently commenced the action by filing a praecipe for writ of summons in the Court of Common Pleas of Philadelphia County, Pennsylvania on February 2, 2005. *See id*. at *1. On May 25, 2005, the plaintiff filed his initial complaint. *See id*. at *4.[1]

After the district court determined that the plaintiff's contract claims were preempted

---

[1] Oddly, the defendant removed the action to the district court on March 2, 2005, almost three months before the complaint was filed. *See id*. at *1.

by the Employment Retirement Income Security Act of 1974 ("ERISA"), the plaintiff sought leave to amend his complaint to add an ERISA claim. *See id*. The defendant opposed the amendment because the complaint was not filed until over two-years after the plaintiff's alleged constructive discharge, rendering the ERISA claim time-barred. *See id*. As is the case here, the defendant contended "that Rule 15(c) does not salvage Plaintiff's § 510 claim, because the amendment cannot relate back to the Praecipe for Writ of Summons since a praecipe does not constitute a 'pleading' as envisioned in the rule, and Plaintiff's Complaint was filed after the limitations period had expired." *Id*.

The district court found the defendant's argument unconvincing. *See id*. at *5. Although neither Pennsylvania nor federal procedural law recognize a writ of summons as a pleading, the district court found that this "procedural anomaly" did not bar the plaintiff's request to amend his complaint. *Id*. (citing Fed. R. Civ. P. 7; Pa. R. Civ. P. 1017). While federal law governs whether the proposed amendments relate back to the earlier pleading, "Pennsylvania law controls the pre-removal aspects of th[e] case," and, "[u]nder Pennsylvania law, the act of filing the Praecipe served to commence Plaintiff's action in state court and to effectively toll the statute of limitations." *Id*. (citing Pa. R. Civ. P. 1007; *Frazier v. City of Phila.*, 927 F.Supp. 881, 884 (E.D. Pa.1996), *rev'd on other grounds*, 266 F.3d 186 (3d Cir. 2001); *Galbraith v. Gahagen*, 415 Pa. 500, 204 A.2d 251, 252 (Pa. 1964)).[2] Furthermore, "[f]ollowing removal to federal court, the praecipe filing date is controlling for purposes of the statue of limitations." *Id*. (citing *Bennett v. Consol. Rail Corp.*, No. 88-3337, 1988 WL 94280, at *3-4 (E.D. Pa. Sept. 12, 1988); *Mitchell v. Joseph's Supermarkets, Inc.*, 712 F. Supp. 59, 63-64 (W.D. Pa. 1989)). Thus, the plaintiff's motion

---

[2] As noted by the *Frazier* court, "if the amendments relate back in time, they relate back to the date of the writ of summons because that was the original filing permitted under state law." *Frazier*, 927 F. Supp. at 884.

5

to amend was granted. *See id*. at *6.

I agree with Judge Surrick's analysis. Even though a writ of summons is not recognized as a pleading under Pennsylvania or federal procedural law, this does not bar Plaintiffs' request to amend the Complaint. Thus, if the amendments relate back in time, they relate back to the date of the writ of summons because that was the original filing permitted under Pennsylvania law. *See Lempa*, 2007 WL 878496, at *5. In this case, the Writ of Summons was timely filed within the applicable two-year statute of limitations period. And, as Defendants have not disputed that the proposed amendments satisfy the requirements of Rule 15(c)(1)(C), and finding that these requirements have been met, Plaintiffs' proposed amendments relate back to the filing date of the Writ of Summons. Plaintiffs will therefore be permitted to amend the Complaint. *See Lempa*, 2007 WL 878496, at *6.[3]

### III. Conclusion

For the above stated reasons, Plaintiffs' motion to amend the Complaint will be granted.

An appropriate order follows.

February 19, 2013                                                        /s/ A. Richard Caputo
Date                                                                         A. Richard Caputo
                                                                                           United States District Judge

---

[3]     Furthermore, the construction of Rule 15 advocated by Defendants it is at odds with the scope and purpose of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 (the Rules are to "be construed and administered to secure the *just*, speedy, and inexpensive determination of every action and proceeding." (emphasis added)).